[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PHYSICAL PRESENCE OF PETITIONER IN CONNECTICUT FOR HABEAS CORPUS TRIAL
The petitioner is presently incarcerated in the state of New York, serving a total effective sentence of twenty-five years to life imposed by a New York court. Petitioner is subject also to a seven (7) year Connecticut sentence, which sentence is consecutive to the New York sentence. During relative dates herein, the petitioner had served and discharged various other Connecticut sentences. He is presently subject only to the seven years imposed in Connecticut.
With regard to one of his prior Connecticut convictions for which the petitioner had served and discharged his sentence, the petitioner did file a timely petition for a writ of habeas corpus on March 14, 1988. That petition is presently before the Court and the case giving rise to the issue herein being decided. He alleges that he was being illegally held on the Connecticut convictions. After filing the petition and serving and discharging the sentence for the underlying conviction, the petitioner was transferred to New York by the respondent to answer the charges for which he was subsequently convicted and presently is serving a sentence. The petitioner wants to return to Connecticut to be present at his habeas corpus hearing. He asserts that the Connecticut Commissioner of Correction possesses some "discretionary power" to return him to Connecticut.
There is no statutory authority to support Mr. Liberatore's claims, however. He is New York's prisoner serving a New York imposed sentence. He has no criminal case pending in the State of Connecticut. He is not sought as a witness in a criminal proceeding by a Connecticut prosecuting authority,
In addition, contrary to his contentions that he will be deprived of his constitutional right to a full and fair hearing unless he is returned to Connecticut, his due process rights are adequately protected by invoking the same kinds of procedures that were employed by the trial court in termination of parental rights hearings. See In Re Juvenile Appeal (Docket No. 10155) 187 Conn. 431, 437 (1982) and In Re Wayne A., 25 Conn. App. 536, 541 (1991). CT Page 9662
Consequently, pursuant to the authority of Gaines v. Manson, 194 Conn. 510 (1984) allowing a habeas court to fashion remedies in accordance with the constitutional rights being vindicated, it is the judgment of this Court that the petitioner's right to participate in a fair hearing will be satisfied by implementation of the following procedures, the cost of which is to be borne by the judicial department of this state:
1. A videotaped disposition of the petitioner.
2. A telephone hookup during the hearing.
HON. HOWARD SCHEINBLUM Superior Court Judge